IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Joanna Grzes and Agnieszka Sobolewska,** on behalf of themselves and others similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>**Snickers, Inc. and John Frangias,**<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) No. 21 C 1215<br>)<br>) Judge Ronald A. Guzmán<br>)<br>)<br>) |

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendants' motion to dismiss is denied. The reference in the prayer for relief for "[t]reble damages pursuant to the [Chicago Minimum Wage Ordinance]" is stricken.

### STATEMENT

Plaintiffs were servers and bartenders at Defendants' restaurant in Chicago and bring the instant lawsuit against Defendants for wage-payment violations. The third amended complaint alleges claims under the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the Internal Revenue Code ("IRC"). Defendant has filed a motion to dismiss Plaintiffs' third amended complaint.[1]

Defendant's first argument, that Plaintiffs' FLSA and IMWL claims should be dismissed as nebulous and conclusory, is not well-taken. Plaintiffs need only plead "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face," and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiffs' third amended complaint contains more than sufficient factual matter to state claims (including failure to pay overtime, and minimum-wage and tip violations) under the FLSA and IMWL, setting forth examples of the hours Plaintiffs worked and the wages they were paid. *Sanchez v. Haltz Constr., Inc.*, No. 09 C 7531, 2012 WL 13514, at *3 (N.D. Ill. Jan. 4, 2012) ("[W]age cases generally . . . are not so complicated that they require significant factual allegations 'to present a story that holds together.'") (citation omitted). Defendant is clearly on notice of the alleged wrongdoing; it can ascertain additional details through discovery. This basis for relief is denied.

---

[1] The motion to dismiss currently at issue is the second one filed by Defendants, after Plaintiffs filed an amended complaint in response to the first motion.

Defendant also moves to dismiss the claim alleging a violation of the IRC, 26 U.S.C. § 7434, in which Plaintiffs allege that Defendants committed fraud by overreporting Plaintiffs' income to the Internal Revenue Service. Under § 7434(a), "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." Defendants contend that this claim must be pleaded with specificity pursuant to Federal Rule of Civil Procedure 9(b), which requires a plaintiff alleging fraud to plead the "who, what, when, where, and how of the fraud." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014). "Rule 9(b) is applied with some flexibility such that the 'requisite information . . . may vary on the facts of a given case.'" *In re Testosterone Replacement Therapy Prods. Liab. Litig. Coordinated Pretrial Proceedings*, 159 F. Supp. 3d 898, 921 (N.D. Ill. 2016) (citation omitted). Further, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Assuming arguendo that Rule 9(b) applies to § 7434, Plaintiffs have complied. According to Plaintiffs' allegations, "[t]he information on Plaintiffs W-2s was fraudulent because Plaintiffs did not earn the income/tips of other waitstaff/bartenders, yet Defendants purposefully placed on the Plaintiffs['] W-2s other persons['] income," and "[t]his inflation of W-2 income by Defendants caused Plaintiffs to pay large amounts of additional federal taxes each year for income the Plaintiffs did not earn." (3d Am. Compl., Dkt. # 31, ¶¶ 136-37.) Here, Plaintiffs' complaint identifies the "who" (both Defendants) (*id.*, ¶ 148), the "what" (filing false Form W-2s) (*id.* ¶¶ 150-152, 154, 156, 162), the "when" (every year of employment) (*id.*, ¶ 153), the "why" (to gain an unfair competitive advantage by avoiding detection of "off-book" employees)[2] (*id.* ¶ 161), and the "how" (overreporting of Plaintiffs' income on the W-2s) (*id.* ¶¶ 150-152, 154, 156, 162). Based on Plaintiffs' W-2 forms, issued to them by the Internal Revenue Service, it is Plaintiffs' understanding that Defendants have filed inaccurate tax returns. Given the facts of this case, and in particular, the privacy protections afforded Defendants' tax returns, the detail provided by Plaintiffs at this stage of the litigation is sufficient to satisfy both Rule 8(a) and 9(b).

To the extent that Defendants argue that the tax-fraud claim is improperly based on only the FLSA violation, the Court disagrees. As Plaintiffs note, the tax-fraud claim alleges that Defendants improperly reported other employees' tips as wages attributable to Plaintiffs, which, if proven, could plausibly sustain a stand-alone claim under § 7434.

Defendants' other contention that the tax claim should be dismissed because Plaintiffs improperly grouped the defendants is unpersuasive. Here, the individual defendant, John Frangias, is alleged to be the owner and manager of the corporate defendant. Therefore, the general principle under Rule 9(b) that each defendant's role in the alleged fraud should be

---

[2] According to Plaintiffs, "Defendants employed about 50% of their staff 'off-books' or paid those servers/bartenders cash 'under the table', never listing them on relevant forms such as W-2s, W-4s, I-9s, or 1099s." (3d Am. Compl., Dkt. # 31, ¶ 142.) "Defendants also benefited from keeping workers [']off book['] by paying them even less than Plaintiffs were paid, and/or being able to deny that those workers were employed (avoiding multiple taxes, fees and related costs), and moving the [']off[-]book['] workers['] income to the Plaintiffs['] W-2 allowed Defendants to receive these benefits." (*Id.* ¶ 143.)

identified is inapplicable here given that, while the defendants have a separate legal existence, it is plausible (indeed, likely) that Snickers, as a corporation, acted at the direction of Frangias. Defendants have been provided sufficient facts to be made aware of the claim against them; additional detail, if needed, can be obtained during discovery.

Finally, Plaintiffs' third amended complaint removed allegations of a violation of the Chicago Minimum Wage Ordinance ("CMWO"). Therefore, the reference in the prayer for relief for "[t]reble damages pursuant to the CMWO" is stricken.

**Date**: September 8, 2021

*(signature)*
**Ronald A. Guzmán**
**United States District Judge**